ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TYQUAN JACKSON,                                                                    15 CV 1000 (NGG)(MDG)

                Plaintiff,

    -against-                                                                                    AMENDED
                                                                                       COMPLAINT AND
                                                                                      JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
CHRISTOPHER MARTINEZ and SERGEANT
VALENTIN KHAZIN,

                Defendants.
------------------------------------------------------------------------X

       Plaintiff, TYQUAN JACKSON, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

## INTRODUCTION

       1.       This is an action for the wrongful acts of Defendants The CITY OF NEW YORK and POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the constitution and laws of the State of New York and the United States.

       2.       Plaintiff, TYQUAN JACKSON, alleges that beginning on or about April 13, 2014, Defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongly imprisoning Plaintiff, wrongfully searching the Plaintiff, maliciously prosecuting Plaintiff and negligence in the hiring and retaining of incompetent and unfit officers,

negligence in the training, instruction and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress from the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims and pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff was and is a domiciliary of the United States residing of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

9. Defendant POLICE OFFICER CHRISTOPHER MARTINEZ, was at all times relevant to this action, police officers employed by the New York City Police Department, and acting under the color of state law.  Upon information and belief, POLICE OFFICER

CHRISTOPHER MARTINEZ was assigned to the 70th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. Defendant SERGEANT VALENTIN KHAZIN, was at all times relevant to this action, police officers employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, SERGEANT VALENTIN KHAZIN was assigned to the 70th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

11. At all times relevant hereto and in all their actions described herein, Defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

12. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN.

13. At all times relevant hereto, Defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

14. At all times mentioned herein, the Defendant CITY OF NEW YORK, knew or should have known of the bias, bad judgment, abusive and other unlawful propensities of the

officers involved in the violation of civil rights, unlawful search, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

15. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

## FACTUAL BACKGROUND

16. At all times relevant to this action, Plaintiff TYQUAN JACKSON resided in the County of Kings State of New York

17. On or about April 13, 2014 at approximately 7:30 p.m., Plaintiff was in the driver's seat of Cadillac SRX, which was double parked on the corner of Church Avenue and Flatbush Avenue, in Brooklyn, New York.

18. That the Cadillac SRX was rented to the Plaintiff's mother, namely: Elizabeth Jackson.

19. That Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN approached Plaintiff and the Cadillac SRX at approximately 7:30 p.m. on the corner of Church Avenue and Flatbush Avenue, in Brooklyn, New York and instructed the Plaintiff to roll down the window.

20. That Defendant POLICE OFFICER CHRISTOPHER MARTINEZ requested that Plaintiff furnish them with his drivers license and registration for the automobile.

21. Thereafter, Plaintiff produced a Learners' permit, registration for the vehicle, and the rental agreement.

22. After inquiry, the Plaintiff advised Defendant Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN that the car was rented by his mother, Elizabeth Jackson, and that he was waiting for her arrive at the current location.

23. That Plaintiff furnished Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN with Elizabeth Jackson's telephone number.

24. After approximately forty-five minutes, Defendant POLICE OFFICER CHRISTOPHER MARTINEZ wrote the Plaintiff a ticket for driving a motor vehicle without the supervision and control of a licensed driver.

25. Defendant POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN then placed the Plaintiff under arrest.

26. Despite his request, Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN failed to inform the Plaintiff why he was being arrested.

27. Thereafter, Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN brought Plaintiff to the 70th precinct where Plaintiff was fingerprinted and photographed.

28. At the 70th Precinct, Defendants POLICE OFFICER CHRISTOPHER MARTINEZ conducted a strip search of the Plaintiff in the bathroom at the 70th Precinct.

29. At the 70th Precinct, Defendant POLICE OFFICER CHRISTOPHER MARTINEZ conducted a visual cavity search of the Plaintiff in the bathroom of the 70th Precinct.

30. That no contraband was located on the person of the Plaintiff.

31. That Elizabeth Jackson came to the 70th Precinct, stated that she was the custodian of the automobile, advised the Defendant Officers that the Plaintiff was watching the automobile for her, and requested the keys.

32. Thereafter, the Plaintiff was transferred to Central Booking.

33. While Plaintiff was in the custody, Defendant POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN wrote up a report that the Plaintiff was not authorized to drive the rental vehicle, the vehicle was rented to the Plaintiff's mother, and that Hertz requested that the Plaintiff be arrested.

34. These allegations were false and Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN knew the statements to be false at the time that they were made.

35. Defendants Defendant POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN forwarded these false allegations to the Kings County District Attorney's office ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the Plaintiff's criminal prosecution.

36. Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the Plaintiff, were relying on the truthfulness of his claims and statements, and assumed that all of these factual statements and claims were truthful in all respects.

37. That Plaintiff was held in Police custody for approximately 15 hours.

38. That the Kings County District Attorney's Office found that there was no crime, declined prosecution of the matter and the Plaintiff was released from cental booking on April 14, 2014 at approximately 10:00 a.m.

39. That Plaintiff was never advised of the reason for his arrest.

40. As a result of the Defendants conduct, the Plaintiff was imprisoned for approximately 15 hours.

41. As a result of the Defendants conduct, the Plaintiff was subjected to an unlawful search.

42. As a direct and proximate result of the action of the Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN, Plaintiff TYQUAN JACKSON suffered severe emotional distress.

43. As a direct and proximate result of the actions of the Defendant Police Officers, Plaintiff TYQUAN JACKSON was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for 15 hours.

44. Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN acted with malice in arresting Plaintiff TYQUAN JACKSON on false charges and causing the Plaintiff to be prosecuted on charges the Defendants know to be false.

45. Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN brought charges against Plaintiff TYQUAN JACKSON and purposely

misused their Police powers and the courts to arrest, harass, intimidate, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff.

46. To date, as a direct and proximate result of Defendants actions, Plaintiff TYQUAN JACKSON has suffered the loss of his liberty, and continues to suffer physical and emotional pain, permanent damage to his good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

47. As a direct and proximate result of Defendants actions, Plaintiff TYQUAN JACKSON was arrested and detained for a time amounting to a period lasting approximately 10 hours for criminal charges without just cause.

48. As a direct and proximate cause of Defendants actions, Plaintiff TYQUAN JACKSON was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

49. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the Defendant Police Officers, with regard to the rights of residents, citizens, and

visitors to the United States of America, thereby causing the Defendant Officers in this case to engage in the unlawful conduct described above.

50. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the Defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing Police Officers, including Defendants in this case, to engage in the unlawful conduct described above.

51. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from their duties.

52. Defendant CITY NEW YORK, and the New York City Police Department, knew or should have known that prior to April 14, 2015, the perpetration of unlawful arrests, the commission of perjury and other malicious and inappropriate unlawful acts by Defendant officers were occurring, in that it believed that there may have been complaints of such unlawful conduct by these particular officers, but Defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
DEPRIVATION OF LIBERTY BY FALSE ARREST,

MALICIOUS PROSECUTION AND FALSE IMPRISONMENT
(POLICE OFFICER CHRISTOPHER MARTINEZ
and SERGEANT VALENTIN KHAZIN)

53. Plaintiff repeats and realleges the allegations contained in paragraphs 1-52 of this complaint as though fully set forth therein.

54. The actions of Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, malicious prosecution, false imprisonment and the intentional and/or negligent infliction of emotional distress.

55. By these actions, Defendants deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

56. As a result of the foregoing, Plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, suffered lost wages, and was otherwise harmed, damaged and injured.

SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
VIOLATION OF FOURTH AMENDMENT RIGHT AGAINST
UNREASONABLE SEARCH AND SEIZURES

(POLICE OFFICER CHRISTOPHER MARTINEZ
and SERGEANT VALENTIN KHAZIN)

57. Plaintiff repeats and realleges the allegations contained in paragraphs 1-56 of this complaint as though fully set forth therein.

58. That Defendants had no reasonable suspicion that Plaintiff was concealing weapons or other contraband based on the crime charged, the particular characteristics of the Plaintiff, and/or the circumstances of the arrest.

59. The actions of Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the prohibition of unlawful searches and seizures..

60. By these actions, Defendants deprived Plaintiff of his rights secured by the Fourth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

61. Plaintiff repeats and realleges the allegations contained in paragraphs 1-60 of this complaint and though fully set forth therein.

62. At all times material to this complaint, Defendant CITY OF NEW YORK, acting

through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of Defendant officers.

63. Upon information and belief, Defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the Defendant Officers, sergeant and employees herein, for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the Defendant officers, sergeants and employees herein to be in a position to falsely arrest and maliciously prosecute without cause or justification, that amounted to an abuse of official power causing injury and violating Plaintiff's constitutional rights, and/or permit these actions to take place with their knowledge and/or consent.

64. Upon information and belief, Defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of

supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

65. As a result of the foregoing conscious policies, practices, customs and/or usages, Defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiff therein.

66. The acts of Defendant CITY OF NEW YORK as set forth above in paragraphs 1-65 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States and the State of New York; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and the intentional and/or negligent infliction of emotional distress.

67. By these actions, Defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983 and further violated his rights under the New York State Constitution.

68. As a result of the foregoing, Plaintiff sustained great emotional injuries, was subjected to extreme humiliation, and was otherwise harmed, damaged and injured.

### FOURTH: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (All Defendants)

69. Plaintiff repeats and realleges the allegations contained in paragraphs 1-61 of this complaint and though fully set forth therein.

70. Defendants POLICE OFFICER CHRISTOPHER MARTINEZ and SERGEANT VALENTIN KHAZIN, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate Plaintiff, denying him free exercise and enjoyment of the rights, privileges and equal protection of the law secured to him by the Constitutions of the United States and the State of New York.

71. The aforementioned Defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in an effort, in violation of Plaintiff's constitutional rights including the right to due process, to have Plaintiff maliciously prosecuted for crimes that he did not

commit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TYQUAN JACKSON requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
August 31, 2015

/S/ Alexander M. Dudelson
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100